### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF VIRGINIA
### BIG STONE GAP DIVISION

| | |
|---|---|
| MARGARET ANN TWEED, AS THE ADMINISTRATOR TO THE ESTATE OF BONNIE TUGGLE CHAPMAN, ) ) ) ) | |
| Plaintiff, ) | Case No. 2:12CV00041 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| FMSC OF WEBER CITY OPERATING COMPANY, LLC D/B/A THE BRIAN CENTER HEALTH & REHABILITATION CENTER SCOTT COUNTY, ET AL., ) ) ) ) ) ) | By: James P. Jones United States District Judge |
| Defendants. ) | |

*Michael E. Large, Large and Associates, Bristol, Tennessee, for Plaintiff; James N.L. Humphreys, Hunter, Smith & Davis, LLP, Kingsport, Tennessee, for Defendants Judith C. Pomeroy, N.P., Paul Clifford Black, M.D., and Mountain Region Family Medicine, P.C.*

This action for wrongful death was originally filed in the Circuit Court of Scott County, Virginia. While the case was pending there, the plaintiff filed a First Amended Complaint that named a total of eleven defendants, including FMSC of Weber City Operating Company, LLC ("FMSC"), which did business as the Brian Center Health & Rehabilitation Center Scott County. Three of the defendants then removed the case pursuant to 28 U.S.C.A. § 1441(a)-(b) (West Supp. 2012), invoking this court's diversity jurisdiction under 28 U.S.C.A. § 1332(a) (West

2006 & Supp. 2012). Following removal, the plaintiff voluntarily dismissed ten of the defendants from the action, leaving FMSC as the sole defending party.

Thereafter, the plaintiff filed in this court a Motion to Rule on Pending State Court Motion. She had filed a motion on December 3, 2012 — the day before the defendants filed their notice of removal from state court — seeking leave to file a Second Amended Complaint adding three new defendants. The motion was not addressed by the state court before removal. The proposed Second Amended Complaint named Weber City as a defendant, and added three additional parties: (1) Judith C. Pomeroy, N.P.; (2) Paul Clifford Black, M.D.; and (3) Mountain Region Family Medicine, PC ("Family Medicine"). After initially opposing the motion and arguing it to be untimely, FMSC consented to the addition of these defendants to the litigation. Accordingly, the motion was granted.

The new defendants in the case have now filed a joint Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), but I must first determine whether, given the addition of these new parties, this court retains subject-matter jurisdiction over this case. *See United States v. Wilson*, 699 F.3d 789, 793 (4th Cir. 2012) ("Indeed, '[w]hen a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented.'") (quoting *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012)). The Second Amended Complaint does not raise a federal question, leaving diversity of

the parties' citizenship as the only potential foundation for this court's jurisdiction. On April 16, 2013, I ordered the new defendants to advise the court as to their citizenship and they have now responded that Family Medicine and Ms. Pomeroy are citizens of Tennessee, while Dr. Black is a citizen of Virginia.

Because the plaintiff is a citizen of Virginia,[1] it is now clear that there is no longer complete diversity between the plaintiff and each defendant in this case and thus this court no longer has subject-matter jurisdiction under 28 U.S.C.A. § 1332(a).

To remedy this defect, it would be possible to dismiss Dr. Black, the non-diverse defendant, from this action in order to allow the case to proceed in this court. *See Mayes v. Rapoport*, 198 F.3d 457, 461-62 (4th Cir. 1999) (discussing the decision to deny joinder of a non-diverse party or to permit joinder and remand the case to state court under 28 U.S.C.A. § 1447(e) (West 2006)). I believe, however, that the better course is to remand the case to the Circuit Court of Scott County to proceed against all four named defendants. The claims against both the diverse and non-diverse defendants allegedly arise out of the death of the plaintiff's decedent. Were this court to retain jurisdiction over only the diverse defendants, the plaintiff would be forced to proceed against the defendants in

---

[1] As "the legal representative of the estate of a decedent," the plaintiff is "deemed to be a citizen only of the same State as the decedent." 28 U.S.C.A. § 1332(c)(2) (West 2006). The decedent in this case was a citizen of Virginia prior to her death. (First Am. Compl., ¶ 1, ECF No. 1-2.) The plaintiff, therefore, is also a citizen of Virginia.

parallel actions in state and federal court. Remand, therefore, will better serve the plaintiff's ability to efficiently litigate her action, as well as the interests of judicial economy. *See Mayes*, 198 F.3d at 463-64 (noting that the danger of parallel lawsuits and inefficient use of judicial resources are legitimate concerns in evaluating a question of joinder).[2]

For the reasons stated, I will remand this case to the Circuit Court of Scott County, Virginia. A separate Order will enter herewith.

DATED: May 6, 2013

/s/ James P. Jones
United States District Judge

---

[2] As noted, the three recently-added defendants have moved to dismiss, asserting that the action against them was not filed within the applicable Virginia statute of limitations period. Should the state court dismiss the new defendants based upon this issue, it is possible that FMSC could again remove to this court under 28 U.S.C.A. § 1441(a)-(b).